UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOHN P. MELE | : | |
| --- | --- | --- |
| | : | PRISONER |
| v. | : | CASE NO. 3:06cv455 (SRU) |
| | : | |
| HILL HEALTH CENTER, et al.[1] | : | |

RULING ON MOTION TO DISMISS

Plaintiff John P. Mele, a former Connecticut inmate, brings this civil rights action *pro se.* Mele alleges that the defendants denied him medical care and treatment for his mental and physical disabilities in violation of his rights under the Eighth Amendment, denied him access to services and failed to make reasonable accommodation for him in violation of Titles 3 and 5 of the Americans with Disabilities Act, the Fourteenth Amendment and Title 5 of the Rehabilitation Act, and violated confidentiality laws concerning patient treatment records. The defendants have filed a motion to substitute the United States as defendant and dismiss the action for lack of subject matter jurisdiction. For the reasons that follow, the motion is granted in part.

I. Standard of Review

When considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from those allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When reviewing a motion to dismiss for lack of subject matter jurisdiction, however, the court may resolve disputed

---

[1] The named defendants in the amended complaint are: Hill Health Center, Grant Street Partnership, Linda Maral Kalfaian, Elza Ward, Andrew Yim, Sandra Chavez Baltazar and Kathy. The defendants have identified Kathy as Kathleen Sabel. Mr. Regan was named in the original complaint but omitted from the amended complaint. Thus, any claims against Mr. Regan have been withdrawn.

jurisdictional fact issues by reference to evidence outside the pleadings, including affidavits. See, e.g., State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombley, ___ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007). Conclusory allegations are not sufficient. The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

In deciding a motion to dismiss, the court does not determine whether the plaintiff ultimately will prevail. Instead, the court determines whether the plaintiff should be permitted to present evidence to support his claims. See York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir. 2002) (quoting Scheuer, 416 U.S. at 236).

II.     Facts

The Grant Street Partnership ("the program") is a "partial hospital drug treatment program." Am. Compl., ¶ 8. On December 20, 2004, the state court ordered Mele to enter the program as a sentencing alternative to incarceration. Mele stayed at a shelter connected with the program and received treatment at a methadone clinic and the Hospital of St. Raphael. Mele alleges that he is disabled from addiction and degenerative disk disease. See id.

Defendant Andrew Yim, A.P.R.N., provided medical care for individuals in the program. On February 8, 2005, Mele complained of pain as well as swollen ankles and feet. Mele thought that the medication he had been prescribed for degenerative disk disease was causing the

2

condition. Defendant Yim disagreed with Mele's assessment, but did not treat Mele or refer him to a physician. On February 16, 2005, Mele again complained to defendant Yim. Mele reported that he stopped taking his prescribed medication and threw away the pills when they were dispensed. See Am. Compl., ¶¶ 9-12.

Shortly thereafter, defendants Kalfaian, Ward, Baltazar and Sabel confronted Mele and accused him of possessing medication at the shelter, using drugs and selling drugs while participating in the program. Mele denied the accusations and agreed to submit to urine testing and a search of his possessions. Although the urinalysis was negative and the search revealed no drugs, Mele was terminated from the program and told to report to the court. See Am. Compl., ¶¶ 13-17.

On February 24, 2005, the court asked the defendants to readmit Mele to the program. The defendants refused. Mele's attorney requested readmission after thirty days. Again, the defendants refused. The court then ordered Mele to serve his three-year sentence. See Am. Compl., ¶¶ 19-23. Unlike other program participants, Mele was not afforded "three strikes" before being terminated from the program. See Am. Compl., ¶ 75. In addition, defendant Kalfaian "exchanged treatment information concerning the plaintiff without a proper release of information." Am. Compl., ¶¶ 63-65.

III.   Discussion

The defendants characterize the complaint as seeking relief for medical malpractice from federal employees and argue that Mele's sole remedy is under the Federal Tort Claims Act ("FTCA"). They move to substitute the United States as sole defendant in this action and dismiss the case for lack of subject matter jurisdiction. Mele disagrees with the defendants'

characterization of several of his claims.

   A.   Substitution of the United States as Defendant

The defendants seek substitution of the United States as sole defendant pursuant to 28 U.S.C. § 2679(d)(2). That section permits cases filed against federal employees in state court to be removed to federal court and deems such cases to be brought against the United States. This case was not filed in state court; it originated in this court. The defendants do not provide any authority applying section 2679(d)(2) to cases originally filed in federal district court. Accordingly, the request for substitution pursuant to section 2679(d)(2) is denied.

Section 2679(d)(1), however, provides that a suit filed in federal district court against any employee of a federal agency shall be deemed an action against the United States if the Attorney General certifies that the employee was acting within the scope of his employment at the time of the incident and directs, in such circumstances, that the United States be substituted as defendant. See 28 U.S.C. § 2679(d)(1). Thus, the court will consider the request pursuant to section 2679(d)(1).

The Public Health Services Act ("PHS Act"), as amended by the Federally Supported Health Centers Assistance Act of 1995, provides that eligible community health centers and their employees are considered employees of the PHS for certain purposes. See 42 U.S.C. § 233(g)(1)(A) & (F). Once a community health center is so designated, the FTCA is the exclusive remedy for damages for personal injury "resulting from the performance of medical, surgical, dental or related functions." 42 U.S.C. § 233(a).

Mele has provided a letter from Lisa Barsoomian, Deputy Associate General Counsel of the Department of Health and Human Services, to Mele's attorney stating that the defendants

would be considered PHS employees for a medical malpractice action but not for a civil rights action, referring the matter to the United States Attorney for the District of Connecticut for a scope of employment determination, and informing the attorney that any further questions should be addressed to Richard Bergeron, a senior Department of Health and Human Services attorney who handles representation requests. The letter is stamped November 3, 2006. That appears to be the date the letter was prepared. See Pl.'s Mem., Doc. #42, Ex. 4.

The defendants have provided a December 2006 declaration and April 2007 letter from Richard G. Bergeron, Senior Attorney, Claims and Employment Law Branch, General Law Division, Office of the General Counsel, Department of Health and Human Services, stating that the defendants, as employees of Hill Health Center, a federally supported health center, are deemed to be employees of the PHS. See Defs.' Mem., Doc. #34, Ex. 1 & 2. In reliance on that information, the defendants have provided an affidavit from John Hughes, Chief of the Civil Division of the Office of the United States Attorney for the District of Connecticut, stating that the defendants were acting within the scope of their employment at the Grant Street Partnership, a subsidiary of Hill Health Corporation, during the incidents underlying the complaint.

Although section 233(a) primarily provides immunity for individual PHS employees from medical malpractice claims, it also provides immunity for other claims. For example, the defendants would be immune from a claim that they violated Mele's constitutional rights while providing medical or related services. See Cuoco v. Moritsugu, 222 F.3d 99, 108 (2d Cir. 2000). They would not, however, be protected against violating Mele's constitutional rights while preforming something other than a medical or related function. See id. at 109. Thus, the court must determine whether Mele's claims arise out of the defendants' performance of their medical

5

duties.

Mele alleges that defendant Yim was deliberately indifferent to his serious medical needs. He also alleges that, during the course of his treatment program, defendant Kalfaian improperly disclosed his medical information to St. Raphael's Hospital and to the A.P.T. Foundation, a substance abuse foundation in Connecticut. Those claims concern the medical functions of providing treatment and the related function of ensuring the privacy of patient medical information. Thus, the claims are covered by section 233(a). Cf. Theresa T. v. Ragaglia, 154 F. Supp. 2d 290, 299-300 (D. Conn. 2001) (statutory duty to report suspected child abuse is a related function to provision of medical services). The defendants' motion to substitute the United States as defendant is granted with respect to the claims for deliberate indifference to medical needs and the disclosure of medical information.

Mele also includes claims arising from his termination from the program by defendants Kalfaian, Ward, Baltazar and Sabel. Based on the information currently available, the court cannot determine whether the decision to terminate a participant from the program, to impose costs of care provided, and to decline to afford that participant additional chances to meet program requirements are administrative decisions or medical or related functions. Thus, the defendants' motion is denied without prejudice with respect to the remaining claims.

B.  Subject Matter Jurisdiction under the FTCA

The FTCA is Mele's sole remedy for his claims of deliberate indifference to medical needs and disclosure of medical information.

Under the FTCA, the United States has waived sovereign immunity for claims seeking money damages for injuries caused by a federal official while acting within the scope of his

employment if a private person committing the same act would be liable under the law of the state where the incident occurred. See 28 U.S.C. § 1346(b). Before bringing an FTCA claim, Mele must exhaust his administrative remedies with the appropriate federal agency. See 28 U.S.C. § 2675(a). The requirement that Mele must file an administrative claim before bringing an FTCA claim in district court is jurisdictional and cannot be waived. See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983). Mele concedes that he has not exhausted his administrative remedies. See Pl.'s Mem., Doc. #42, Point 21. Thus, the court lacks jurisdiction to entertain the FTCA claim. The defendants' motion to dismiss is granted with respect to the claims for deliberate indifference to medical needs and disclosure of medical information.

      C.      <u>Request to Excuse Failure to Exhaust Administrative Remedies</u>

Mele asks the court to excuse his failure to exhaust his administrative remedies and permit him to file an FTCA claim. In the alternative, he asks the court to toll the limitations period for filing his administrative claim. He states that he was unaware of his obligation to exhaust administrative remedies until November 2006.

The two-year limitations period for filing an administrative claim commences when the claimant discovers, or by exercising reasonable diligence should have discovered, the injury and its cause. See 28 U.S.C. § 2401(b); United States v. Kubrick, 444 U.S. 111, 123 (1979). The incidents underlying this claim occurred in February 2005. Thus, Mele had until February 2007, to file his administrative claims. Mele states that he wrote letters to the Department of Justice and to Attorney Bergeron. This court cannot determine whether the Department of Health and Human Services would consider those letters sufficient to put the agency on notice of Mele's claims or serve to toll the limitations period. Mele must seek such determinations from the

agency. Accordingly, the court denies Mele's request to immediately be permitted to file an FTCA claim.

IV. Conclusion

The defendants' motion for substitution and dismissal [**Doc. #34**] is **GRANTED** with respect to all claims for deliberate indifference to medical needs and disclosure of medical information and **DENIED** with respect to the claims arising from Mele's termination from the program. Because all claims against defendant Yim have been dismissed, the Clerk is directed to terminate Andrew Yim as a defendant in this case. Mele's motion for conference [**doc. #36**] is **DENIED** as moot.

Because the deadlines established in the original scheduling order now have passed, the court directs that:

1. All discovery shall be completed within **90** days from the date of this order.
2. Any motion for summary judgment shall be filed within **120** days from the date of this order, with the response filed 21 days thereafter.

**SO ORDERED** this 8th day of January 2008, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge